
Entered on Docket
April 27, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Entered on Docket
April 18, 2007

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: | BK-S-07-11280-MKN |
| REJ PROPERTIES, INC., | Chapter 11 |
| Debtor. | Date: April 16, 2007<br>Time: 9:30 a.m. |

**MEMORANDUM DECISION ON EXPEDITED MOTION TO TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

The Expedited Motion to Transfer Venue to the United States Bankruptcy Court for the Northern District of California ("Transfer Motion") brought by John Sramek and Bernadette Sramek, individually and as Trustees of the John S. Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust ("Sramek") was heard on April 16, 2007, pursuant to an Order Shortening Time ("OST") entered on March 29, 2007. The appearances of counsel were noted on the record. After the Court heard oral argument, the matter was taken under submission based on the pleadings on file as well as the record in the case[1].

**BACKGROUND**

Debtor filed a voluntary Chapter 11 petition for reorganization on March 13, 2007. Debtor's assets consist of "Petan Jungle Guatemala Hardwood Trees, 4 Barges, and Rights to

---

[1] The Office of the United States Trustee ("UST") did not file pleadings with respect to this matter. At the hearing, however, counsel for the UST indicated that the UST supported the relief requested by the Transfer Motion.

coconuts from land", according to its real property Schedule "A", and one or more accounts at "Wells Fargo Bank" having "0" value and insurance policies at "Fidelity Title" and "North American Title", both having "?" value, according to its personal property Schedule "B". Debtor's creditors are "Vantage Investments" located in Guatemala City, Guatemala, having an unsecured priority claim of $3,900,000, according to Debtor's Schedule "E", and "John Sramek" located in San Ramon, California, having an unsecured nonpriority claim of $1,400,000, according to its Schedule "F". The same creditors, and no more, also appear on the List of Creditors Holding 20 Largest Unsecured Claims that was filed with the Chapter 11 petition. Debtor's Statement of Financial Affairs indicates "None" for income from the Debtor's business operations in 2005 and 2006 as well as the year to date. That Statement also indicates that 100% of the stock ownership is held by a John Brosnan. The Debtor's Schedules and Statement of Financial Affairs were signed under penalty of perjury on March 11, 2007, by Mr. Brosnan as president of the Debtor. According to the Chapter 11 petition, the street address of the Debtor is 3156 East Patrick Lane, Suite 1, Las Vegas, Nevada. The petition and related documents were signed by the law firm of Hayes, Davis, Bonino, Ellingson McLay & Scott, located in Redwood City, California, as counsel for the Debtor.

## THE TRANSFER MOTION

Sremak seeks to transfer this Chapter 11 proceeding to the Oakland division of the United States Bankruptcy Court for the Northern District of California pursuant to 28 U.S.C. section 1412 which provides for a case to be transferred to another district "in the interest of justice or for the convenience of the parties." The party requesting the transfer has the burden of proving by a preponderance of the evidence that a transfer of venue is warranted. See generally B. Russell, Bankruptcy Evidence Manual, § 301.33 at 859-60 (2007 Ed.) In addition to the language of the statute itself, a variety of factors may be considered, including the proximity of creditors, the debtor and any witnesses, the location of assets, the economic administration of the estate, and the necessity of ancillary administration if liquidation should result. See In re B.L. of Miami, Inc., 294

B.R. 325, 329 (Bkrtcy.D.Nev. 2003)(Zive, J.). See also, B. Russell, supra, § 301.33 at 861-62, citing In re Geauga Trenching Corp., 110 B.R. 638, 654 (Bkrtcy.E.D.N.Y. 1990)(including other factors such as filing party's choice of forum, the enforceability of judgment, the ability to receive a fair and speedy trial, the availability of process to compel the attendance of witnesses, and the applicability of state law to resolution of controversies).

In seeking the instant relief, Sramek argues first that venue is improper under 28 U.S.C. section 1408(2), and second that transfer is appropriate under 28 U.S.C. section 1412. The Court rejects the first argument inasmuch as the Debtor apparently has been incorporated in Nevada since May 10, 1999. See Declaration of Harold M. Jaffe in Support of Expedited Motion to Transfer Venue, etc., ("Jaffe Declaration") at ¶ 3 and Exhibit "A" thereto. Thus, this is not a situation where venue was "manufactured" immediately prior to the bankruptcy filing like the cases cited in Sramek's motion. See Transfer Motion at 6:6-22. Likewise, there is no indication that the Debtor was incorporated in Nevada in 1999 strictly for the purpose of creating a possible venue in the future. Id. at 6:23 to 7:2, citing In re Handel, 242 B.R. 789, 793 n.7 (Bkrtcy.D.Mass. 1999). Under these circumstances, the Court will not disregard Debtor's incorporation in the State of Nevada as establishing venue under 28 U.S.C. section 1408(1).

As to the transfer of venue, the record indicates that the Debtor's existing assets have little or no relationship to Nevada. Debtor's so-called "real property" assets - "Petan Jungle Guatemala Hardwood Trees, 4 Barges, and Rights to coconuts from land" according to its Schedule "A" - appear to be located in South America, rather than in Nevada. Debtor's "personal property' assets - one or more accounts at "Wells Fargo Bank" having "0" value and insurance policies at "Fidelity Title" and "North American Title", both having "?" value, according to its Schedule "B" - apparently have no particular location and either zero or unknown value. The Wells Fargo Bank account appears to be located in California. See Jaffe Declaration at ¶¶ 6 and 7 and Exhibit "E" thereto.

Debtor's principal, John Brosnan, apparently resides or has an address at 3321 Vincent

3

Road in Pleasant Hill, California.  See Jaffe Declaration at ¶ 3 and Exhibit "A" and ¶ 6 and Exhibit "D".  Sramek, the only scheduled creditor other than Vantage Investments, resides in San Ramon, California.  In its opposition to the Transfer Motion, Debtor represented that it now has four additional unsecured creditors, all located in Las Vegas, Nevada, all of whom will be included in amendments to the Debtor's schedules.  See Debtor's Opposition to Expedited Motion to Transfer Venue, etc. ("Opposition"), filed April 15, 2007, at 3:13 to 4:3[2].

Prior to the commencement of the Chapter 11 proceeding, Sramek sued the Debtor and its previous owner (Robert E. Jacobson) in Contra Costa County Superior Court in California ("California Action"), on a complaint alleging breach of contract, fraud and a variety of other legal theories in connection with a transaction involving real property located in Walnut Creek, California "Walnut Creek Property").  See Exhibits "1" and "2" to Smrek Request for Judicial Notice ("RJN").  It appears that the Debtor also is a cross-complainant in that proceeding with claims against certain individuals and title insurance companies, id. at Exhibit "3", even though such cross-claims are not listed in the Debtor's personal property Schedule "B".[3]  It further appears that the Debtor also may have numerous claims under 11 U.S.C. section 544 and the California version of the Uniform Fraudulent Transfer Act, see Cal. Civ. Code § 3429 et seq., see Exhibit "4" to RJN, even though such claims also are not listed in the Debtor's personal property schedule.[4] These currently unscheduled claims are most closely related to the Debtor's activities in California,

---

[2] Pursuant to the OST, written opposition was due on April 10, 2007.  Although untimely, the Court has considered the written opposition filed by the Debtor.

[3] At oral argument, Sramek's counsel represented that trial of the California Action is scheduled to commence on May 14, 2007, which is consistent with the docket.  See Exhibit "1" to RJN.  Relief from the automatic stay under 11 U.S.C. section 362(d) would be required if Sramek intends to proceed with the California Action as to the Debtor.

[4] One of those claims allegedly would be against an entity identified as the "Jacobsen Trust", see Exhibit 4 to RJN, which bears the same name as the former owner of the Debtor, Robert Jacobsen, and who apparently has a post office box in Alamo, California.  See Jaffe Declaration at ¶ 6 and Exhibit "D" thereto.

rather than in Nevada.

Prior to the commencement of the instant Chapter 11 proceeding, Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California on September 7, 2005, denominated Case No. 05-4505-J. See Exhibit "5" to RJN. That petition was filed in pro se and showed the Debtor's street address as 3321 Vincent Road, Pleasant Hill, California 94523. See Exhibit "6" to RJN. That address is the same as that shown for Mr. Brosnan. See Jaffe Declaration at ¶ 3. The Office of the United States Trustee in the Northern District of California filed a motion to convert or dismiss the Chapter 11 proceeding which alleged a variety of reasons, including that the Debtor's principal was or had been involved in at least eight other bankruptcy cases before the court, that the Debtor failed to appear that the initial debtor interview with the United States Trustee's Office, that no schedules or statements had been filed, and that the Debtor was unrepresented by counsel. See Exhibit "7" to RJN. The court granted the motion and issued an order dismissing the case on October 14, 2005. See Exhibit "8" to RJN.

In its written opposition, Debtor explains that venue was proper in the Northern District of California in 2005 because the Debtor owned the Walnut Creek Property and the bankruptcy petition stayed its foreclosure by a senior liehholder. See Opposition at 3:5-7. Debtor blames Sramek for not curing the Debtor's default to the first lienholder and letting the property be foreclosed after the bankruptcy was dismissed, and then commencing the California Action. Id. at 6-8. As noted above, however, the Debtor appears to still have claims arising from its ownership of the Walnut Creek Property and its business activities in California.

Debtor's contention that it does business in Nevada or is considering various business activities in Nevada is unsupported. Debtor's current Chapter 11 petition reflects a street address of 3156 East Patrick Lane, Suite 1, Las Vegas, Nevada which appears to be the address only of its resident agent, see Jaffe Declaration at ¶ 3 and Exhibit "A", rather than a place of operations. As previously noted, Debtor's current Statement of Financial Affairs shows no income from operations whatsoever for the year 2007 to date nor for the previous two years. In its written opposition,

Debtor suggests that its Nevada operations "would focus on certain environmentally sensitive businesses", <u>see</u> Opposition at 4:8, but points to no current operations at all. Moreover, the written opposition is unaccompanied by even the simplest declaration or other evidence establishing any business activity at all in Nevada.

In light of the foregoing, the Court concludes that the proximity of creditors, witnesses, assets, and even the Debtor's principal, favors transfer to the Northern District of California.[5] The applicability of California law to the resolution of the claims, including possible avoidance claims and enforcement of judgment, as well as the availability of process to compel attendance of witnesses, also favor such transfer. Consideration of ancillary administration in the event of liquidation appears to be premature. <u>Cf.</u>, <u>In re B.L. of Miami, Inc.</u>, <u>supra</u>, 294 B.R. at 333. While the Debtor's choice of forum is entitled to some weight, Sremak has established by a preponderance of the evidence that the case should be transferred in the interests of justice and for the convenience of the parties.

**CONCLUSION**

Sremak's Transfer Motion shall be granted for the reasons stated herein. A separate order has been entered concurrently herewith.

---

[5] The Court would reach this conclusion even if the Schedules were amended to include the four unsecured creditors that allegedly were omitted at the time the Chapter 11 petition was filed. <u>See</u> Opposition at 3:13 to 4:3. No such amendments have been filed as of the date of this Memorandum Decision and Debtor's Schedule "F" can be amended after the case is transferred.

6
Case: 07-41274    Doc# 30    Filed: 04/18/07    Entered: 04/27/07 12:51:07    Page 6 of 6